IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                              Criminal Action No. 5:89CR273
                                             (STAMP)
PAUL A. LEE,

    Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION TO REVISIT PETITIONER'S
## ILLEGAL SUPERVISED RELEASE,
## DENYING AMENDED PETITION TO REVISIT,
## DENYING MOTION TO REVISIT PETITIONER'S
## ILLEGAL SUPERVISED RELEASE AND
## DENYING LETTER MOTION FOR COPIES FROM FILE

### I. Background

The pro se[1] defendant has filed several motions, including a motion to revisit petitioner's illegal supervised release, an amended petition to revisit, a motion to revisit petitioner's illegal supervised release, and a letter motion for copies from his criminal file. The government filed a response to the defendant's initial motion to revisit the petitioner's illegal supervised release, to which the defendant filed a reply. For the reasons set forth below, the defendant's motions are denied.

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed 2009).

## II. Discussion

### A. Motion to Revisit Petitioner's Illegal Supervised Release, Amended Petition to Revisit, and Motion to Revisit Petitioner's Illegal Supervised Release

The defendant filed these motions pursuant to 18 U.S.C. § 3742, alleging that his supervised release exceeds the maximum established in the guideline range. Upon review, this Court finds that 18 U.S.C. § 3742 does not provide a jurisdictional basis for the defendant's motions. The provisions from modification of a sentence outlined in § 3742 allows for appellate review of a district court's decision. The code section, however, does not grant jurisdiction to a district court to review a final sentence. See United States v. Auman, 8 F.3d 1268 (8th Cir. 1993). Consequently, this Court is without jurisdiction to entertain the defendant's motions filed pursuant to 18 U.S.C. § 3742.

### B. Letter Motion for Copies

In this letter motion, the defendant requests all information regarding alleged wiretapping that occurred in his criminal case pursuant to Title III of the Omnibus Crime Control and Safe Streets Act of 1968 ("Title III"). On December 8, 2009, this Court entered a memorandum opinion and order in defendant's Criminal Action No. 5:94-cr-96, denying an identical motion. In that memorandum opinion and order, this Court found that the defendant's cases were the product of consensual monitoring, and not by any wiretap. Such consensual monitoring does not violate Title III. See United

States v. Apple, 915 F.2d 899, 907 n. 16 (4th Cir. 1990) ("Consensual interceptions of communications are not covered under Title III."). Accordingly, for the same reason, the defendant's letter motion filed in the above-styled criminal action is denied.

### III. Conclusion

For the reasons set forth above, the defendant's motion to revisit petitioner's illegal supervised release is DENIED; the defendant's amended petition to revisit is DENIED; the defendant's motion to revisit petitioner's illegal supervised release is DENIED; and the defendant's letter motion for copies from his criminal file is DENIED.

Should the defendant choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, to the extent that this matter is appealable, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within ten days after the date that the order in this case is entered. See Fed. R. App. P. 4(b)(1).

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the pro se defendant by certified mail and to counsel of record herein.

DATED:    December 9, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE