IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                        Criminal Action No. 5:89CR273
                                                      (STAMP)

PAUL A. LEE,

    Defendant.


**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTIONS FOR RELIEF
PURSUANT TO WRIT OF ERROR CORAM NOBIS,
DENYING DEFENDANT'S MOTION FOR EVIDENTIARY HEARING,
DENYING DEFENDANT'S MOTIONS TO APPOINT COUNSEL
AND DENYING DEFENDANT'S MOTION FOR RECUSAL**

I. Background

The pro se[1] defendant in the above-styled criminal action has filed several motions along with other supplemental filings in support of those motions. Specifically he has filed: (1) a motion pursuant to 28 U.S.C. § 1651 seeking a writ of error coram nobis; (2) a motion to construe his case to a writ error coram nobis; (3) a second motion for writ of error coram nobis; (4) motions for an evidentiary hearing; (5) motions to appoint counsel; and (6) a motion to seeking the recusal of the undersigned judge. Further, he has filed numerous supplements to his motions seeking a writ of error coram nobis. The United States has provided responses to the

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009)

various motions. For the reasons stated below, this Court denies the defendant's motions.

## II. Discussion

A. Writ of Error Coram Nobis

On December 12, 1989, the defendant was indicted on four counts for the distribution of certain controlled substances. The defendant then pleaded guilty to Count Two of the indictment, which specifically charged him with the distribution of cocaine in the form of cocaine base in violation of 21 U.S.C. § 841(a). The defendant was sentenced to 24 months imprisonment, to be followed by five years supervised release. The defendant was then arrested on August 15, 1994, for the possession and distribution of controlled substances, and entered into another plea agreement and was sentenced to 200 months imprisonment, and an additional 14 months imprisonment for the violation of supervised release. The defendant is now requesting that this Court enter a writ error coram nobis based on what he believes are fundamental errors having to do with his plea and sentencing involving the 1989 indictment. The defendant indicates that he believes these errors also affected his sentence resulting from his arrest in 1994.

A court may issue a writ of error coram nobis pursuant to the All Writs Act, 28 U.S.C. § 1651, "to vacate a conviction when there is a fundamental error resulting in conviction, and no other means of relief is available." In re McDonald, 88 F. App'x 648, 649 (4th

Cir. 2004) (unpublished) (citing United States v. Morgan, 346 U.S. 502, 509-11 (1954)). The writ of error coram nobis is "properly viewed as a belated extension of the original proceeding during which the error allegedly transpired." United States v. Denedo, 129 S. Ct. 2213, 2221 (2009). The availability of this writ is limited to "extraordinary cases presenting circumstances compelling its use to achieve justice" and where habeas corpus is not available. Id. at 2220 (internal citations omitted). Further, a writ of error coram nobis is available only when the applicant is not incarcerated. United States v. Johnson, 237 F.3d 751, 755 (6th Cir. 2001).

The district court for the Eastern District of Virginia summarized what the defendant must show in order to obtain coram nobis relief as follows:

> (i) that his conviction or sentence involved an error of the most fundamental character; (ii) that it is probable that a different result would have occurred if not for the error; (iii) that adverse consequences continue to flow from the conviction such that a case or controversy exists within the meaning of Article III; (iv) that a more usual remedy is not presently available to correct the error; and (v) that sound reasons exist for not challenging the error earlier, such as by direct appeal or § 2255 motion.

Hanan v. United States, 402 F. Supp. 2d 679, 684 (E.D. Va. 2005) (citing Scates v. United States, 914 F.2d 249 (4th Cir. 1990); and Hirabayashi v. United States, 828 F.2d 591, 604 (9th Cir. 1987)).

After reviewing the defendant's filings dealing with his motions concerning the writ of error coram nobis, this Court finds

3

that the defendant believes coram nobis relief should be provided based on the following: (1) the defendant's plea agreement used the word cocaine, rather than cocaine base; (2) the government did not use to the word base when summarizing the plea agreement during the plea hearing; and (3) this Court sentenced the defendant to five years of supervised release instead of three years in relation to his 1989 indictment.

First, this Court finds that none of these alleged errors are so fundamental as to constitute a basis for granting the defendant's motions seeking a writ of error coram nobis. Initially, this Court notes that a sentence imposing five years of supervised release cannot even be considered in error. The statute under which the defendant was sentenced mandates a period of supervised release of at least three years. See 21 U.S.C. § 841(b)(1)(C). It does not state that the defendant cannot be sentenced to more than three years. In fact, the defendant's guideline range for supervised release suggested a range of at least three years but not more than five years. Thus, the supervised release sentence was within the guidelines range, and does not constitute an error. Furthermore, this Court finds that the use of the term cocaine instead of cocaine base in the plea agreement and during the plea hearing does not constitute a fundamental error for which a writ of error coram nobis should be granted. The defendant plead to Count Two of the indictment.

4

Count Two of the indictment clearly stated that he was indicted for the distribution of cocaine base. In fact, every count of defendant's 1989 indictment dealt with cocaine base, rather than cocaine. Therefore, while the defendant's plea agreement did not use the word base, it still stated he was pleading to Count Two, which did explain that he had distributed "a quantity of cocaine in the form of cocaine base." Def.'s Indictment *2.

Even if any of these errors were considered fundamental, the defendant has previously raised such alleged errors in an earlier challenge under 28 U.S.C. § 2255. See ECF No. 65. Thus, he has previously challenged these errors. "[C]ourts have held or recognized that a petition for writ of error coram nobis . . . will not be granted where the errors alleged as grounds for the petition were errors which had been considered and resolved against the petitioner on appeal or other postconviction proceeding." Romulado P. Eclavea, LL.B., LL.M., Annotation, <u>Availability, under 28 U.S.C.A. § 1651, of writ of error coram nobis to vacate federal conviction where sentence has been served</u>, 38 A.L.R. Fed. 617 (1978). Therefore, the defendant's motions seeking issuance of a writ of error coram nobis are denied first and foremost because the errors alleged are not fundamental, but also because such alleged errors were previously alleged in defendant's motion under § 2255.

B.  <u>Motion for Evidentiary Hearing</u>

It is generally within the sound discretion of the district court whether to hold an evidentiary hearing. <u>United States v. Robinson</u>, 238 Fed. App'x 954, 955 (4th Cir. 2007). However, when rulings depend on issues of credibility or when there are disputed facts "involving inconsistencies beyond the record, a hearing is mandated." <u>Id.</u> The resolution of the defendant's action does not involve either resolving inconsistencies beyond the record or credibility issues. This Court was able to make the above findings based on the record itself. Therefore, this Court denies the defendant's motion for an evidentiary hearing.

C.  <u>Motion to Appoint Counsel</u>

Federal courts have discretion in civil cases to request an attorney to represent an indigent party. <u>See</u> 28 U.S.C. § 1915(e)(1). However, such an appointment may be made only where the indigent party has shown particular need or circumstances. <u>Cook v. Bounds</u>, 518 F.2d 779 (4th Cir. 1975). After a review of the defendant's motions in this case, this Court finds that the defendant has not shown a particular need, as the issues are not complex, and such issues can be decided based on the record before this Court.

D.  <u>Motion for Recusal</u>

Disqualification of a judge from presiding over a particular case is governed by 28 U.S.C. § 455. Title 28, United States Code,

Section 455 requires that all federal judges recuse themselves from hearing a case when "a reasonable person, <u>knowing all the circumstances</u>, would expect that the judge would have actual knowledge of his interest or bias in the case." <u>Sao Paulo the Fed. Rep. of Braz. v. Am. Tobacco Co</u>, 535 U.S. 229, 232-33 (2002) (emphasis in original). The defendant seems to argue that based on the undersigned judge's findings and orders entered in the defendant's criminal case, the undersigned cannot be fair and impartial. This Court does not agree with such argument. Further, according to the United States Court of Appeals for the Fourth Circuit, the nature of any alleged bias must be extra-judicial and thus, personal in nature to constitute ground for recusal. <u>In re Beard</u>, 811 F.2d 818, 827 (4th Cir. 1987)(citations omitted). "A judge is not disqualified because his familiarity with the facts of a case stem from his judicial conduct in presiding over earlier proceedings." <u>Id.</u> (citations omitted).

Accordingly, finding the defendant's argument for recusal to be unpersuasive, and finding no other basis for recusal of the undersigned judge, the defendant's motion for disqualification is denied.

## III. <u>Conclusion</u>

For the above stated reasons, defendant's motion for writ of error coram nobis (ECF No. 136) is DENIED, defendant's motion to construe defendant's case to writ of error coram nobis (ECF No.

141) is DENIED, defendant's supplemental response for coram nobis relief (ECF No. 143) is DENIED, defendant's second motion for writ of error coram nobis and motion to appoint counsel (ECF No. 153) is DENIED, defendant's motion for evidentiary hearing and motion to appoint counsel (ECF No. 156) is DENIED, and defendant's motion for recusal of the undersigned judge (ECF No. 162) is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the defendant by certified mail, to counsel of record herein and to the Clerk of the United States Court of Appeals for the Fourth Circuit.

DATED:   August 28, 2013

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE